# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60030
Summary Calendar

Jeny Joselin Munoz-Morales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 841 349

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Jeny Joselin Munoz-Morales, a native and citizen of Honduras, seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Relying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

on *Matter of A-C-A-A-*, 28 I. & N. Dec. 84, 89 (A.G. 2020), *vacated by Matter of A-C-A-A-*, 28 I. & N. Dec. 351 (A.G. 2021), she objects that the BIA adopted the decision of the immigration judge (IJ) without providing "a thorough and proper analysis," and she seeks a remand for the Board to examine whether the facts found by the IJ established her right to asylum. Because the BIA has had no chance to consider the challenge to the adequacy of its reasons, the issue is unexhausted, and we lack jurisdiction to consider it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009).

With respect to her claims for asylum and withholding of removal, Munoz-Morales also challenges the finding by the IJ, adopted by the BIA, that she failed to establish a nexus between her articulated particular social groups (PSGs) and the alleged persecution. She claimed that she was targeted by a gang leader because she belonged to the PSGs "teenage Honduran females," "young, single Honduran women," and "Honduran women targeted for gang recruitment." There was no evidence, however, that the gang leader was motivated to harm her by her status as a teenage/young, single, Honduran woman. Indeed, she acknowledged that he was motivated by his opinion that she was pretty and his desire for her to be his girlfriend. Moreover, she conceded she was the "only one" of her classmates whom he targeted, though presumably others were also teenage/young, female, single, and Honduran. Evidence that other members of a PSG have not been harmed weighs against a nexus finding. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Additionally, to the extent the gang leader was motivated by the desire to recruit Munoz-Morales to join his gang, "[t]hreats or attacks motivated by criminal intentions do not provide a basis for protection." *Id.* at 270.

Accordingly, the evidence does not compel a conclusion that the PSGs were a central reason for the alleged persecution; instead, they were incidental, tangential, superficial, or subordinate reasons for the gang leader's actions. *See id.* Munoz-Morales thus fails to show that she is eligible for asylum or withholding of removal. *See id.* at 270-71; *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Her argument that the nexus standard for withholding of removal is less demanding than for asylum is without merit. *See Vazquez-Guerra*, 7 F.4th at 271. We need not reach the parties' other arguments concerning her eligibility for that relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009).

Finally, Munoz-Morales challenges the IJ's finding, adopted by the BIA, that she failed to show harm that rises to the level of torture. *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014). We review the finding for substantial evidence. *See Majd v. Gonzales*, 446 F.3d 590, 594, 597 (5th Cir. 2006).

Munoz-Morales contends that she satisfied the requirement with her testimony that the gang leader stalked, harassed, aggressively grabbed, and threatened her and with documentary evidence showing that gang members in Honduras routinely inflict "gender-based harm and victimization" and "extreme physical and sexual violence." However, detaining someone for a short time and "roughing [her] up" does not inflict the type of severe pain or suffering required to constitute torture. *Majd*, 446 F.3d at 597. Nor does slapping and harassing someone or a shoving him and causing a hip injury. *Qorane v. Barr*, 919 F.3d 904, 909, 911 (5th Cir. 2019). Additionally, country reports indicating that similarly-situated people "have been subjected to acts constituting torture" do not compel the required conclusion that the individual petitioner will more likely than not be tortured. *Chen v. Gonzales*, 470 F.3d 1131, 1140-41 (5th Cir. 2006). Accordingly, the evidence Munoz-

No. 21-60030

Morales relies on does not compel a conclusion that she faces harm rising to the level of torture. *See Majd*, 446 F.3d at 597. Because the issue is dispositive of her CAT claim, we do not consider her challenge to the IJ's alternative finding that she failed to show acquiescence by a public official. *See Garcia*, 756 F.3d at 891; *Bagamasbad*, 429 U.S. at 25; *Cantu-Delgadillo*, 584 F.3d at 690.

The petition is DISMISSED IN PART and DENIED IN PART.